IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| STEVEN JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-3150 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Pending is the Second or Successive Motion of Petitioner Steven Jones to Vacate Sentence Under 28 U.S.C. § 2255.

Following a guilty plea to the possession with intent to distribute 5 or more grams of crack cocaine, the Petitioner was sentenced to 262 months in the custody of the Bureau of Prisons followed by ten years of supervised release. *See United States v. Steven Jones*, Case No. 09-30041.

At sentencing, on October 19, 2010, the Petitioner was determined to be a career offender based on prior state law convictions for aggravated criminal sexual assault/aggravated criminal abuse and unlawful restraint. Unlawful restraint was determined to be a qualifying offense pursuant to the residual clause of the career offender guideline, U.S.S.G. § 4B1.2(a).

1

The Seventh Circuit entered an Order authorizing this Court to entertain a second or successive motion for collateral review by the Petitioner. The Petitioner sought habeas relief after the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(3e)(2)(B)(ii), was unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2555-60 (2015). The following year, the Court held that the rule in *Johnson* is retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Following the decisions in *Johnson* and *Welch*, the status of the identically worded career offender residual clause was uncertain.

In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the advisory Sentencing Guidelines are not subject to vagueness challenges and, therefore, the post-*Booker* advisory version of § 4B1.2(a)'s residual clause is not void for vagueness. *See id*. at 893-95. Because the Petitioner was sentenced under the advisory Sentencing Guidelines, the Court concluded he is entitled to no habeas relief.[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability. Upon reviewing the entire

---

[1] However, the Court did find that relief was warranted under Section 404(b) of the First Step Act. At a hearing before the Court on October 17, 2019, the Petitioner's sentence was reduced from 262 months imprisonment to 168 months imprisonment, while his supervised release term was reduced from 10 years to 9 years. *See* Case No. 09-30041 [Doc. Nos. 73 &74].

2

record, the Court concludes that the Petitioner has not made a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

<u>Ergo</u>, the Motion of Petitioner Steven Jones to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, the Court hereby denies the Petitioner a certificate of appealability under Rule 11(a).

The Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ENTER: November 22, 2019

    FOR THE COURT:

<u>/s/ *Richard Mills*</u>
Richard Mills
United States District Judge